NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| R.P., V.P. and E.P., | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 06-CV-5788 (DMC) |
| RAMSEY BOARD OF EDUCATION, | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendant Ramsey Board of Education's ("Defendant") motion for summary judgment pursuant to Fed. R. Civ. P. 56 and motion to supplement the administrative record. Plaintiffs R.P., V.P. and E.P. ("Plaintiffs") also move for summary judgment pursuant to Fed. R. Civ. P. 56. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's motion for leave to supplement the administrative record is **granted**, and this Court has considered the weight and relevance of such evidence in rendering its decision on the summary judgment motions in finding that Defendant's motion for summary judgment is **granted** and Plaintiffs' motion for summary judgment is **denied.**

I.     **BACKGROUND**[1]

Plaintiff E.P. ("E.P.") attended Defendant's schools from kindergarten through eighth grade. E.P. has autistic spectrum disorder and because of this, while a student at Ramsey Public Schools, E.P. was eligible for special education and related services from Defendant under the classification of communication impaired. Defendant re-evaluated E.P. at his parents' request at the end of his fifth grade year, which was the only time Defendant evaluated E.P. during his time at Ramsey Public Schools. Individual Education Plans ("IEP") were offered for each year that E.P. attended Defendant's schools, and the goals set forth in the IEPs each year were not fully mastered; in his eighth grade IEP, E.P. achieved 12.5% of the objectives set out for him, but Defendant explains that there is no expectation that the goals set will be accomplished in one year.

Plaintiffs bring this cause of action seeking compensatory education based on Defendant's alleged failure to educate appropriately from third through eighth grades and seeking reimbursement of E.P.'s high school educational expenses from ninth grade through twelfth grade, based on Defendant's alleged failure to offer an appropriate IEP for his ninth grade year. After attending Ramsey Public Schools from 1997 through 2003, E.P.'s parents, Plaintiffs V.P. and R.P., ("the Parents") placed him at the Ryken Education Center in Brooklyn, NY, ("Ryken") where E.P. completed high school with a New York State Regents diploma. In September 2004, a year after E.P. began his private placement, The Parents filed a petition for due process with the

---

[1] The facts set-forth in this Opinion are taken from the Parties' FED. R. CIV. P. 56.1 statements in their respective moving papers.

2

New Jersey Department of Education Office of Special Education Programs ("petition") alleging Defendant failed to remedy certain of E.P.'s deficiencies and that Defendant failed to offer an appropriate program for E.P.'s ninth grade year and cites low standardized test scores as their main point of contention.

The due process hearing occurred before the Honorable Irene Jones, A.L.J. ("ALJ") on March 29, May 16, May 17, June 8, and October 19, 2005. Plaintiffs made their case at the due process hearing that Defendant was unwilling to provide an appropriate education to E.P. and that E.P. made no meaningful educational progress from third grade through eighth grade.  Plaintiffs alleged that Defendant's incompetence necessitated E.P. to be placed in a private school environment to close the gap between E.P. and his peers. Defendant, however, pointed out that the IEP for E.P.'s ninth grade year was rejected prior to the Parents placing E.P. at Ryken and that the Parents had planned on placing E.P. in another educational environment to maximize his chances for college admission. Plaintiffs argued that because E.P. had not received a free appropriate public education ("FAPE") from third grade through eighth grade, that Defendant would not have provided E.P. with a FAPE during his high school years.

In the due process hearing, Plaintiffs relied on E.P.'s standardized test scores, which Plaintiffs argue show that E.P. had significant reading deficits.  Defendant argues that Plaintiffs' own experts concede that E.P.'s autism yields inconsistent results which do not represent E.P.'s actual abilities.  E.P. has an IQ of 90.  Defendant presented testimony from E.P.'s middle school teachers and social worker regarding E.P.'s academic and social progress, all of whom testified that E.P. was making educational progress. Dr. Martin Dank, an educational psychologist,

3

determined that E.P. was making meaningful educational progress under Defendant's supervision. Plaintiffs submitted Boston Children's Hospital evaluations, which were conducted in the spring of 2003, stating that E.P. has done well with the support of his mother, tutors and other outside help, as well as his in-school education plan.  The evaluations further state that E.P. has made excellent progress and can be expected to continue to do so.  Plaintiffs maintain that parents are not obligated to share privately obtained evaluations, such as the ones Plaintiffs acquired from the Boston Children's Hospital, with the school district.

 Also at issue at the due process hearing was the proposed IEP for E.P.'s ninth grade year. Defendant produced witnesses who testified that the IEP conferred a meaningful educational benefit and that E.P. would have received a FAPE at Ramsey High School.

On September 6, 2006, the ALJ issued an Opinion, in which she found that Defendant had provided E.P. with a FAPE in compliance with the law and dismissed Plaintiffs' petition. Specifically, the ALJ reasoned that because Plaintiffs did not inform Defendant that they were considering an out of district placement when they rejected E.P.'s proposed IEP, or that they had investigated an out of district placement before the IEP for his ninth grade year was formulated, and made no attempt to negotiate a more suitable IEP, and did not disclose the evaluations from the Boston Children's Hospital until the due process hearing, that Plaintiffs had ambushed Defendant.  Further, the ALJ reasoned that E.P.'s functional ability and classroom performance as testified to by E.P.'s teachers was a sufficient way to attest to E.P.'s skills. Further, the ALJ reasoned that E.P.'s standardized test scores objectively support that E.P.'s performance improved and that any fluctuations in the testing did not mean regression, but could rather be attributed to his autism.  The ALJ ruled that E.P. was provided a free, appropriate education in

accordance with the law and dismissed Plaintiffs' petition.

In Plaintiffs' motion for summary judgment, they argue that the ALJ ignored the unrebutted evidence which conclusively demonstrated that Defendant failed to provide E.P. with the basic floor of opportunity and instead offered the same objectives and goals, despite E.P. continuously failing to meet the goals set for him.

## II.     STANDARD OF REVIEW

The standard of review of an administrative decision is modified *de novo*. S.H. v. State-Operated Sch. Dist. of City of Newark, 336 F. 3d 260 (3d. Cir. 2003). This Court must make its own findings by a preponderance of the evidence and must also afford "due weight" to the ALJ's determination. Shore Regional High Sch. Bd. of Educ. v. P.S., 381 F.3d 194, 199 (3d. Cir. 2003).

### A.     Supplementation of the Administrative Record Standard

The IDEA provides that the District Court shall hear additional evidence at the request of either party. 20 U.S.C.A. § 1415(i)(2)(C)(ii). The right to supplement the record is not absolute, but rather, the decision to admit additional evidence is committed to the discretion of the trial court. See Susan N. v. Wilson Sch. Dist., 70 F.3d 751, 760 (3d Cir. 1995). In deciding whether to admit supplemental evidence, the trial court must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo*. See Burlington v. Dep't. of Educ., 736 F.2d 773, 791 (1st Cir. 1984). The burden of establishing the admissibility of after-acquired evidence rests on the offering party and such evidence must be shown to be relevant, non-cumulative and useful. See Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1471 (9th Cir. 1993), Susan N., 70 F.3d. at 760.

5

### B. Summary Judgment Standard

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. See id. "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. See Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences – including issues of credibility – in favor of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

### III. DISCUSSION

#### A. Defendant's Motion to Supplement the Administrative Record

Defendant seeks to supplement the administrative record with testimony of Ryken teacher Edma Jura, who was E.P.'s ninth grade resource room teacher; Ryken School Director Dr. Carol Trasborg, who testified regarding how the accommodations for students are generally based on

the IEP, the redacted acceptance letter stating the IEP amendments regarding its similarity to Defendant's letter regarding the IEP amendments, and the date which Plaintiffs applied and were accepted to Ryken; the testimony of Ryken teacher Thomas Tellefsen, who taught E.P. reading in the ninth and twelfth grades who testified regarding E.P.'s reading aloud ability and how Mr. Tellefsen employed lower grade reading materials to accommodate his students' challenges; Ryken teacher Vincent Brown, who taught E.P. English in the tenth, eleventh and twelfth grades and made modifications to E.P.'s curriculum pursuant to his IEP; Ryken teacher Dean Etri, who taught E.P. throughout high school and testified that he made classroom modifications pursuant to E.P.'s IEP and opined that E.P.'s learning deficits lay primarily in the realm of reading comprehension; Ryken teacher Stefan Alexakis, who taught E.P. during ninth grade, opined that knowledge of a student's IQ is not important because it is not an accurate portrayal of a student's academic potential; and Ryken teacher Brother James Smith, who taught E.P. mathematics throughout high school, and testified that he too thought that a student's IQ was not a good indicator of a student's academic potential.

Defendant asserts that the above mentioned evidence could not have been obtained or presented at the due process hearing in 2005 because most of the proposed supplemental evidence relates to E.P.'s education during his tenth, eleventh and twelfth grades. The proposed evidence shows, Defendant argues, that the staff at Ryken employed the same IEP as would have been employed in Defendant's high school. Plaintiffs point out, and this Court agrees, that on an appeal from an administrative ruling in a case brought pursuant to the Individuals with Disabilities Education Act, ("IDEA"), the use of evidence from the period after the disputed IEP was offered is limited:

> We stress that such after-acquired evidence, such as information received through the experience of any alternative placement, should be used by courts only in assessing the reasonableness of the district's initial decisions regarding a particular IEP or the provision of special education services at all. Courts must be vigilant to heed Judge Garth's warning that "neither the statute nor reason countenance 'Monday Morning Quarterbacking' in evaluating the appropriateness of a child's placement."

Susan N., 70 F.3d at 762.

This Court examines this after-acquired evidence only to assess the reasonableness of the proposed IEP for E.P.'s ninth grade year and the timing of Plaintiffs' decision to unilaterally place E.P. at Ryken. As such, Defendant's motion to supplement the administrative record with the testimony and evidence mentioned above is **granted**.

### B. Parties' Motions for Summary Judgment

Defendant argues that it is entitled to summary judgment because the record supports that the ALJ's rulings were correct; that Defendant provided E.P. with an appropriate public education from third through eighth grades; that Defendant offered an appropriate IEP for E.P.'s ninth grade year; Plaintiffs are time-barred from seeking reimbursement for E.P.'s ninth grade year; the ALJ properly denied reimbursement to Plaintiffs based on her finding of bad faith and unreasonableness when they intentionally withheld relevant information; and E.P.'s score on an IQ test should not be the sole measurement of academic and social potential.

In opposition to Defendant's motion for summary judgment, Plaintiffs argue that there are undisputed facts which demonstrate that year after year, Defendant offered E.P. essentially the same IEP and that E.P consistently failed to meet the goals and objectives set out for him, and that Defendant failed to revise the educational program that allegedly failed to provide E.P. with a meaningful educational benefit.

Plaintiffs argue that they are entitled to summary judgment because Defendant did not provide E.P. with a meaningful educational benefit; that Defendant denied E.P. a FAPE by relying on out of date information to develop his IEPs throughout his years at Defendant's schools; that E.P.'s parents were not obligated to fill the void left by Defendant's abrogation of its responsibilities; that Plaintiffs' claims are not barred by the statute of limitations; and that the ALJ failed to apply New Jersey's Residuum Rule, which provides that an administrative agency's legal determination and/or finding of fact cannot be based only upon hearsay.  Weston v. State, 60 N.J. 36, 50-52 (1972); DeBartolomeis v. Board of Review, 341 N.J. Super. 80, 85 (App.Div. 2001).

In opposing Plaintiffs' motion for summary judgment, Defendant makes similar arguments that it does in making its own motion for summary judgment as it argues that it provided a meaningful educational benefit to E.P.; that Plaintiffs failed to demonstrate evidence that E.P. had a decoding deficiency; that annual IEPs provided up to date information regarding the assessments and evaluations of E.P.; that Plaintiffs misinterpreted the ALJ's decision and applicable law; that Plaintiffs' are time barred from seeking reimbursement for E.P.'s ninth grade year; and that E.P. was offered an appropriate ninth grade IEP.

There is a strong preference in favor of mainstreaming and educating a disabled or special needs student in his or her neighborhood school, and boards of education in this state shall educate a child with an educational disability in the least restrictive environment and their removal from the regular educational environment should occur only when the severity of the disability prevents education in the regular education environment with supplementary aids and

services.  20 U.S.C. §1412(a)(5)(A); Oberti v. Bd. Of Ed. of the Borough of Clementon School District, 95 F.2d 1204 (3d. Cir. 1993). Here, Plaintiffs argue that E.P. needed to be removed from Defendant schools and placed in a private school environment because Defendant was not ensuring that E.P. was obtaining an appropriate education.

### 1.     Compensatory Education

Compensatory education is an award of certain educational services intended to redress a previous deprivation of educational services to which a child is entitled. M.C. v. Cent. Reg'l Sch. Dist., 81 F.3d 389, 395 (3d. Cir. 1996). The award of compensatory education requires the school district to provide the child with education beyond the statutory requirements to make up for the earlier deprivation. Id.  The disabled child is entitled to compensatory education for a period equal to the period of deprivation, but excluding the time reasonably required for the school district to rectify the problem. Id. at 397.

Here, Plaintiffs seek compensatory education for E.P. from the third through eighth grades, the time period they allege E.P. did not receive a FAPE.  However, E.P. is a college student and could not benefit from receiving six years of education from Defendant. Accordingly, Plaintiffs' claim for compensatory education are denied.

### 2.     Reimbursement for E.P.'s Education at Ryken

Plaintiffs seek reimbursement for tuition paid to Ryken, the private school E.P. attended thru high school. Plaintiffs rejected the proposed IEP that Defendant prepared for E.P.'s ninth grade year and unilaterally placed E.P. at Ryken.  This Court finds that the ALJ erred in ruling that Plaintiffs were barred by the statute of limitations in bringing the due process petition.  The

10

IEP for E.P.'s ninth grade year was proposed and rejected in the spring of 2003 and Plaintiffs filed for due process in September 2004, eighteen months later.  There is a two year statute of limitations for filing a complaint based on the identification, evaluation, or educational placement of a child with disabilities. 20 U.S.C. § 1415(b)(6)(b).  Therefore, Plaintiffs brought the complaint within the requisite statute of limitations.  Also, the ALJ erred in ruling that the requisite notice was not given to Defendant regarding E.P.'s placement for ninth grade.  Rather, each party stipulated on the record at the due process hearing that Plaintiffs provided the requisite notice of their intention to enroll E.P. in private placement. (Transcript, October 19, 2005, 4:9-15).

   This Court finds, however, that despite the ALJ's errors addressed above, Plaintiffs' request for reimbursement is denied because the parents did not have the consent or referral from Defendant and the record shows that the parents intended to enroll E.P. at Ryken long before the proposed IEP for ninth grade was issued and did not disclose this information to Defendant. Reimbursement for private educational placement is limited.

> (iii) Limitation on reimbursement- The cost of reimbursement described in clause (ii) may be reduced or denied-
>  (I) If-
>   (aa) at the most recent IEP meeting that the parents attended prior to removal of the child from the public school, the parents did not inform the IEP team that they were rejecting the placement proposed by the public agency to provide a free appropriate public education to their child, including stating their concerns and their intent to enroll their child in a private school at public expense.

20 U.S.C. §1412 (a)(10)(c). The record is clear that Plaintiffs did not inform Defendant of their intent to enroll E.P. at a private school at the last IEP meeting and it is also clear that they

11

intended to enroll E.P. at Ryken before the proposed ninth grade IEP was issued as evidenced by the letter of admission for Ryken dated December 18, 2002. Plaintiffs argue that they should not be denied relief simply because they did not inform Defendant that they were considering out of district placements, and they cite Eleventh Circuit authority for this contention. Here, however, Plaintiffs were not simply considering out of district placement; Plaintiffs hired tutors to prepare E.P. for admission into Ryken and the record shows that Plaintiffs planned to send E.P. to Ryken to better his chances for college admission.

The IDEA provides that reimbursement may be denied "upon a judicial finding of unreasonableness with respect to actions taken by the parents." 20 U.S.C.A. § 1412(c)(iii). Equitable factors such as bad faith are relevant in determining IDEA relief. See Florence County School District Four v. Carter, 510 U.S. 7, 15 (1993).

The Child Study Team did not consider an out of district placement for E.P.'s ninth grade year because the team felt that E.P. could receive an appropriate education in district and because the team was not made fully aware of Plaintiffs position on the matter. Instead of working collaboratively with Defendant, Plaintiffs sought to unilaterally place E.P in a private school. Had Defendant known of Plaintiffs' intentions to enroll E.P. in a private school and their reasons for same, Defendant may have amended the proposed ninth grade IEP; further discussed with Plaintiffs the benefits of in district placement; and, possibly considered whether out of district placement was appropriate. As a result of Plaintiffs' bad faith and unreasonable actions, Defendant was denied the opportunity of truly being apart of the process of determining where E.P. attended high school.

Since Defendant was not given the requisite notice required by 20 U.S.C. §1412 (a)(10)(C) and Plaintiffs did not collaborate with Defendant in reaching its decision to place E.P. in private school despite having the opportunity to do both, it is inappropriate to now hold Defendant financially responsible for Plaintiff's unilateral decision. Therefore, Defendant's motion for summary judgment is **granted** and Plaintiffs' motion for summary judgment is **denied.**

**IV.** CONCLUSION

For the reasons stated, it is the finding of this Court that Defendant's motion to supplement the record and for summary judgment are **granted** and Plaintiff's motion for summary judgment is **denied**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       September  17 , 2008
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File

13